IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY SPEARMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF ) <br> SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 10-1310 <br><br> **ELECTRONICALLY FILED** |

## MEMORANDUM OPINION

I.  **INTRODUCTION**

Leroy Spearman ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final determination of the Commissioner of Social Security ("Defendant" or "Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 – 1383f ("Act"). This matter comes before the court on Cross Motions for Summary Judgment. (ECF Nos. 8, 10). The record has been developed at the administrative level. For the following reasons, Plaintiff's Motion for Summary Judgment will be GRANTED, in part, and DENIED, in part, and Defendant's Motion for Summary Judgment will be DENIED.

## II. PROCEDURAL HISTORY

Plaintiff filed for SSI with the Social Security Administration on October 2, 2007, claiming an inability to work due to disability beginning March 31, 2007. (R. at 117)[1]. Plaintiff was initially denied benefits on December 7, 2007. (R. at 93 – 97). A hearing was scheduled for January 22, 2009, and Plaintiff appeared to testify represented by counsel. (R. at 23). A vocational expert also testified. (R. at 23). The Administrative Law Judge ("ALJ") issued his decision denying benefits to Plaintiff on January 14, 2010. (R. at 12 – 22). Plaintiff filed a request for review of the ALJ's decision by the Appeals Council, which request was denied on September 9, 2010, thereby making the decision of the ALJ the final decision of the Commissioner. (R. at 1 – 4).

Plaintiff filed his Complaint in this Court on October 8, 2010. (ECF No. 3). Defendant filed his Answer on January 12, 2011. (ECF No. 5). Cross Motions for Summary Judgment followed.

## III. STATEMENT OF THE CASE

In his decision denying SSI to Plaintiff, the ALJ made the following findings:

1. The [Plaintiff] has not engaged in substantial gainful activity since October 2, 2007, the application date;
2. The [Plaintiff] has the following severe impairment: hypertension;
3. The [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1;
4. After careful consideration of the entire record, the [ALJ] finds that the [Plaintiff] has the residual functional capacity to perform the full range of medium work;

---

[1] Citations to ECF Nos. 6 – 6-7, the Record, *hereinafter*, "R. at __."

5. The [Plaintiff] had no past relevant work;

6. The [Plaintiff] was born on November 3, 1964 and was 46 years old, which is defined as a younger individual age 18 – 49, on the date the application was filed;

7. The [Plaintiff] has at least a high school education and is able to communicate in English;

8. Transferability of job skills is not an issue because the [Plaintiff] does not have past relevant work;

9. Considering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform; and,

10. The [Plaintiff] has not been under a disability, as defined in the Social Security Act, since October 2, 2007, the date the application was filed.

(R. at 17 – 20).

### IV. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g)[2] and 1383(c)(3)[3]. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. *See* 5 U.S.C. § 706. When reviewing a decision, the

---

[2] Section 405(g) provides in pertinent part:
> Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business

42 U.S.C. § 405(g).

[3] Section 1383(c)(3) provides in pertinent part:
> The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.

42 U.S.C. § 1383(c)(3).

district court's role is limited to determining whether substantial evidence exists in the record to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)(quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); *Richardson,* 402 U.S. at 390. When considering a case, a district court cannot conduct a *de novo* review of the Commissioner's decision nor re-weigh the evidence of record; the court can only judge the propriety of the decision in reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196 – 97 (1947). In short, the court can only test the adequacy of an ALJ's decision based upon the rationale explicitly provided by the ALJ. The court will not affirm a determination by substituting what it considers to be a proper basis. *Chenery*, 332 U.S. at 196 – 97. Further, "even where this court acting *de novo* might have reached a different conclusion . . . so long as the agency's factfinding is supported by substantial evidence, reviewing courts lack power to reverse either those findings or the reasonable regulatory interpretations that an agency manifests in the course of making such findings." *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 90-91 (3d. Cir. 1986).

To be eligible for social security benefits under the Act, a claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). The ALJ must utilize a

five-step sequential analysis when evaluating whether a claimant has met the requirements for disability. 20 C.F.R. §§ 404.1520, 416.920.

The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1; (4) whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003). If the claimant is determined to be unable to resume previous employment, the burden shifts to the Commissioner (Step 5) to prove that, given claimant's mental or physical limitations, age, education, and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

## V. DISCUSSION

Plaintiff makes a number of objections to the determination of the ALJ. Plaintiff first argues that the ALJ's decision was not supported by substantial evidence because the record illustrates functional limitations resulting from traumatic brain injury, a learning disability, and urinary incontinence that were not incorporated in his residual functional capacity. (ECF No. 9 at 2, 6 – 10). The ALJ allegedly further erred by not giving proper weight to the opinions of Plaintiff's treating physicians, all of whom indicated that Plaintiff was incapable of working on a full-time basis. (ECF No. 9 at 2, 6 – 10).

Defendant counters that the findings of Plaintiff's various treating sources were entitled to little weight, and that, at best, the sparse record provided contradictory evidence of disability. (ECF No. 11 at 5 – 12). Despite an admittedly scant medical record, the ALJ failed to discuss – in any manner – certain relevant and probative evidence. (R. at 19). Therefore, this Court is unable to undertake meaningful judicial review and cannot find that substantial evidence supported the ALJ's decision.

Lynn Williams, M.D opined in July of 2007 that Plaintiff was temporarily disabled from July of 2007 until January of 2008. (R. at 205 – 06). Dr. Williams cited Plaintiff's hypertension as the reason for his disability. (R. at 205 – 06). The ALJ rejected Dr. William's opinion by pointing out that she failed to indicate what – if any – functional limitations were attributable to Plaintiff's disabling condition, and provided no record support for a disability assessment that was no more than a simple check-box form. (R. at 19). Additionally, he indicated that it is the sole province of the ALJ to make disability determinations, and therefore, Dr. William's opinion was not dispositive. (R. at 19). The ALJ went on to briefly discuss how the medical record did not corroborate Plaintiff's subjective complaints. (R. at 19). However, in the ALJ's decidedly brief discussion, he failed to discuss – in any manner – disability findings by David Hall, M.D., T. Bhat, M.D., and Peter Murray, PAC which approximated Dr. William's findings. (R. at 227 – 29, 280 – 82).

"This court has recognized that there is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence." *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981). It is expected that the explanation will allow a reviewing court the ability to determine if "significant probative evidence was not credited or simply ignored." *Fargnoli*, 247 F.3d at 42. The ALJ, as the factfinder, should consider and evaluate medical evidence thoroughly. *Id*. The

ALJ "cannot reject evidence for no reason or for the wrong reason." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citing *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)). If the ALJ has not adequately explained his or her treatment of obviously probative evidence, the court cannot say whether substantial evidence supports an ALJ's conclusion. *Cotter*, 642 F.2d at 705 (citing *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) ("the special nature of proceedings for disability benefits dictates extra care on the part of the agency in . . . explicitly weighing all evidence.")). "Courts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review." *Cotter*, 642 F.2d at 705 n. 7 (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943)).

In December of 2007, Dr. Hall found Plaintiff to be temporarily disabled for a period spanning December of 2007 until May of 2008. (R. at 282). He cited hypertension, personality disorder, and a learning disability as the causes of Plaintiff's inability to work. (R. at 282). Dr. Bhat indicated in December of 2008 that Plaintiff was permanently disabled because of hypertension, urinary incontinence, and a learning disability. (R. at 280 – 81). The ALJ's failure to even mention these assessments deprives the court of a full explanation of the reasoning behind the ALJ's decision.

The ALJ also failed to address the functional capacity assessment of Mr. Murray. Plaintiff was mistaken when asserting that Mr. Murray was a treating physician[4]. The fact that his is not, however, does not eliminate the probative value of Mr. Murray's assessment as a physician assistant having a treatment history with Plaintiff. An acceptable medical source's opinion is necessary for an ALJ to determine medical impairments and limitations, and "acceptable medical sources" are limited to licensed physicians, licensed or certified

---

[4] The "PA-C," or "PAC," designation indicates the titleholder is a certified physician assistant. National Commission on Certification of Physician Assistants, http://www.nccpa.net/CertificationProcess.aspx (last visited April 8, 2011).

7

psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists.  20 C.F.R. §§ 404.1513(a), 416.913(a).  However, other sources may be used to provide additional evidence.  20 C.F.R. §§ 404.1513(d), 416.913(d). ("Other sources" that may be used to show the severity of impairments include "nurse practitioners, physicians' assistants, neuropaths, chiropractors, audiologists, and therapists . . .").  As such, the assessment completed by Mr. Murray should have been expressly considered by the ALJ.

The Court acknowledges Defendant's argument that many of these assessments make conclusory statements regarding Plaintiff's inability to work.  The Court understands that it has been long established that the determination of disabled status for purposes of receiving SSI is a decision reserved solely for the Commissioner, and is not affected by a medical source simply because he or she states that a claimant is "disabled," or "unable to work."  20 C.F.R. § 416.927(e).  However, such a statement is still probative evidence.  This is particularly true where, as here, three physicians indicated that Plaintiff was unable to work full-time.  It is also evidence tending to support Mr. Murray's functional capacity assessment, because the limitations indicated therein would preclude Plaintiff from full-time work.  This is evidence deserving of discussion by the ALJ.  The ALJ's failure to properly discuss all relevant, probative evidence is plainly in error.

While Defendant discusses at length the reasons Plaintiff's evidence should be rejected, the ALJ unfortunately did not likewise include such a discussion in his hearing decision.  This Court's determination that substantial evidence supports an ALJ's decision may only be based upon the reasoning explicitly provided by the ALJ.  In light of the minimal discussion actually provided by the ALJ, this Court cannot find that substantial evidence supported his disability determination.

With respect to Plaintiff's alternative argument that Mr. Murray's assessment constituted new evidence requiring remand, this claim need not be addressed in light of the above discussion, and in light of Defendant's argument that the ALJ had, in actuality, both considered and rejected Mr. Murray's opinions. (ECF No. 9 at 11 – 19, ECF No. 11 at 6 – 8).

The only remaining question is whether a judicially-ordered award of benefits is proper, or whether the case should be remanded to the Commissioner for further administrative proceedings. An immediate award of benefits is appropriate only when the evidentiary record has been fully developed, and when the evidence as a whole clearly points in favor of a finding that the claimant is statutorily disabled. *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). That standard is not met here. Therefore, because further development of the record is necessary, the case will be remanded to the Commissioner.

## VI. CONCLUSION

The ALJ may be correct that Spearman is not disabled. However, on this record, the Court cannot affirm the Commissioner's decision because the ALJ did not discuss or even mention medical evidence of record, including Dr. Hall and Dr. Bhat's assessments and Mr. Murray's functional capacity assessment. Therefore, this Court cannot determine if the ALJ adequately considered these medical opinions in determining Spearman's residual functional capacity. As such, the ALJ's decision at this time is not based upon substantial evidence.

"On remand, the ALJ shall fully develop the record and explain [his or her] findings . . . to ensure that the parties have an opportunity to be heard on the remanded issues and prevent *post hoc* rationalization" by the ALJ. *Thomas v. Commissioner of the Social Security Administration*, 625 F.3d 798, 800 – 01 (3d Cir. 2010). *See also Ambrosini v. Astrue*, 727

F.Supp.2d 414, 432 (W.D.Pa. 2010). Testimony need not be taken, but the parties should be permitted input via submissions to the ALJ. *Id.* at 801 n 2.

Accordingly, Plaintiff's Motion for Summary Judgment will be granted, in part, and denied, in part, Defendant's Motion for Summary Judgment will be denied, and the decision of the ALJ will be vacated and the case remanded for further consideration not inconsistent with this opinion. An appropriate Order follows.

*/s Arthur J. Schwab*
Arthur J. Schwab
United States District Judge

cc/ecf: All counsel of record.